# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Luis B.,**
**Respondent Below, Petitioner**

**vs) No. 16-0303** (Cabell County 13-D-438)

**Linda B.,**
**Petitioner Below, Respondent**

**FILED**

**April 7, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Luis B., by counsel Amy C. Crossan, appeals the final order of the Circuit Court of Cabell County, entered on February 25, 2016, affirming in part, reversing in part, and remanding in part the order of the Family Court of Cabell County, entered on November 5, 2015, that addressed the division of marital assets subsequent to the parties' divorce. Respondent, by counsel Jennifer Dickens Ransbottom, has filed a summary response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in 1987, separated in 2013, and divorced by order entered in the Family Court of Cabell County on June 11, 2015. They have five children, four of whom were emancipated at the time of the family court's final hearing. Petitioner is an orthopedic surgeon, and respondent has worked as a nurse on a part-time basis. Petitioner's annual income exceeds one-million dollars, and respondent derives income from the investment of inherited money. Throughout the marriage the parties participated in several business ventures related to petitioner's occupation, and amassed substantial assets.

The family court conducted a hearing on May 20 and 21, 2015, and subsequently entered an order on February 25, 2016, delineating the division of those assets and addressing parenting issues. Among other relief, the family court order: (1) permitted respondent to move to Texas and named her the residential parent of the parties' minor daughter; (2) awarded respondent $7,099.85 per month to support the minor daughter, with any amount in excess of $2,500 payable to a trust from which airfare for visitation, school tuition, and an automobile for the child would be paid; (3) retroactively modified temporary orders and directed petitioner to pay child support in the amount of $4,000 per month for a six-month period; (4) valued shares of the marital business Three Gables Surgery Center ("Three Gables") at $1,047,411, thereby rejecting both parties' experts' opinions in favor of an internal valuation by the business made on April 30, 2013, and directed petitioner to purchase respondent's half-interest; (5) valued shares of the marital business Tri-State Surgical Properties ("Tri-State") at $426,970, thereby accepting the

opinion of respondent's expert witness, and directed petitioner to purchase respondent's half-interest; (6) awarded respondent half of one-third of petitioner's 2013 income from Highlawn Property Management, Three Gables, and Tri-State (collectively, "the properties"), for a total of $49,046; (7) directed petitioner to pay respondent $45,000 for her attorney's fees and $25,000 for her accounting fees related to the proceedings; (8) awarded no spousal support through January 31, 2014, spousal support in varying amounts from February 1, 2014, through May 31, 2015, and permanent spousal support in the amount of $14,000 per month; (9) awarded half of one-third of petitioner's employer's 2013 retirement account contribution to respondent; and (10) ordered petitioner to pay half of respondent's tuition for nurse practitioner school.

Both parties appealed the family court's order to the Circuit Court of Kanawha County. The circuit court entered an order on February 25, 2016, specifically finding, among other things, that the family court did not err in: choosing not to deviate from the child support formula; retroactively awarding child support; valuing Three Gables and Tri-State as it did; awarding respondent a portion of the contribution to petitioner's retirement account; awarding permanent alimony or tuition costs to respondent; and awarding respondent attorney and expert witness fees.[1]

On appeal, petitioner asserts seven assignments of error: that the family court erred in (1) rejecting his expert's valuation of two businesses; (2) awarding respondent 1/6 of respondent's 2013 income from the properties; (3) awarding respondent part of petitioner's 2013 retirement contribution; (4) awarding more than $7,000 per month in child support; (5) modifying temporary orders after each was entered by increasing the amount of child support by $4,000 per month, thereby retroactively creating an arrearage of child support in the amount of $24,000, though petitioner already had paid the sums originally ordered to be paid pursuant to the temporary orders; (6) awarding respondent $14,000 per month in permanent spousal support and half of tuition for a nurse practitioner degree; and (7) awarding respondent $45,000 in attorney's fees and $25,000 in expert witness fees. With respect to each of these assignments of error, petitioner further asserts that the circuit court erred in affirming the family court order. Concerning matters of equitable distribution, we have explained:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

---

[1] The circuit court reversed the family court order on an issue involving rental income, and it reversed the family court order insofar as it directed petitioner to pay medical bills incurred by one of the emancipated children for injuries that occurred before that child reached the age of majority. It also remanded the matter to the family court for consideration of a motion for sanction of petitioner's counsel that the family court failed to consider. Those issues are not before this Court.

We begin with petitioner's first assignment of error, wherein he argues that the family court erred in (1) rejecting his expert witness's valuation of Three Gables and establishing its own value and (2) accepting the value that respondent's expert witness assigned to Tri-State Surgical, thereby rejecting petitioner's expert witness's valuation of that property. In syllabus point one of *Bettinger v. Bettinger*, 183 W.Va. 528, 396 S.E.2d 709 (1990), this Court held:

> A measure of discretion is accorded to a family law master in making value determinations after hearing expert testimony. However, the family law master is not free to reject competent expert testimony which has not been rebutted. This statement is analogous to the rule that "'[w]hen the finding of a trial court in a case tried by it in lieu of a jury is against the preponderance of the evidence, is not supported by the evidence, or is plainly wrong, such finding will be reversed and set aside by this Court upon appellate review.'" Syllabus Point 1, in part, *George v. Godby*, 174 W.Va. 313, 325 S.E.2d 102 (1984), *quoting* Syllabus Point 4, *Smith v. Godby*, 154 W.Va. 190, 174 S.E.2d 165 (1970).

*See* Syl. Pt. 5, *Kimble v. Kimble*, 186 W.Va. 147, 411 S.E.2d 472 (1991); Syl. Pt. 2, *McGraw v. McGraw*, 186 W.Va. 113, 411 S.E.2d 256 (1991).

With respect to the valuation of Three Gables, petitioner argues that respondent's expert witness testified regarding the value of the business without having performed a formal valuation of that business, as evidenced by the expert's opinion letter. Regarding Tri-State Surgical, petitioner argues that the family court unreasonably rejected the opinion of his expert witness. We agree with the circuit court, however, that the family court "reviewed the pleadings, supporting documentation, and record, and, after due consideration of the issues raised," made a decision firmly grounded in the evidence presented. We further acknowledge that the family court rejected petitioner's expert witness's opinion in favor of a valuation made by the business itself, within a week of the parties' separation. The family court did not abuse its discretion, then, in considering the opinion of petitioner's expert witness sufficiently rebutted on that issue.

In his second assignment of error, petitioner argues that the family court erred in awarding respondent one-sixth (or, stated another way, half of one-third) of his 2013 income from the properties, based on the parties' separation date of April 24, 2013. Petitioner's position on this matter is that he had insufficient pre-hearing notice that respondent sought this income, that there is no evidence that the parties did not receive and use that portion of the income prior to their separation, and that the income was considered in the valuation of the businesses. Respondent argues that the income from these properties was not realized until June of 2013. Based on the evidence presented (which, notably, does not include a citation to the appendix record on appeal concerning the timing of the income distribution), we discern no erroneous finding on fact by the family court, and no abuse of discretion in the application of the law. We therefore reject petitioner's assignment of error.

Next, in his third assignment of error, petitioner argues that the family court erred in awarding respondent a portion of his retirement account contribution, though his employer made the contribution ten months after the date of the parties' separation, and though petitioner was required to be employed on the last day of the year to qualify for the employer contribution. We

3

agree with respondent that petitioner has offered no evidence that petitioner's employer required that he be employed at the end of the year in order to receive the benefit. We thus find no error in this regard.

We turn to petitioner's fourth assignment of error, wherein he argues that the family court erred in its strict adherence to the child support formula, ultimately awarding more than $7,000 per month for support of the minor child. We have explained that

> "[t]he amount of support resulting from the application of the [statutory child support] guidelines is presumed to be the correct amount, unless the court, in a written finding or a specific finding on the record, disregards the guidelines or adjusts the award as provided for in section 13–702 [§ 48–13–702]." W.Va. Code § 48–13–203 (2001) (Repl. Vol. 2004). *Accord*[] W.Va. Code § 48–13–101 ("There is a rebuttable presumption, in any proceeding before a court for the award of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded." ); W.Va. Code § 48–13–701 ("The guidelines in child support awards apply as a rebuttable presumption to all child support orders established or modified in West Virginia.").

*Soulsby v. Soulsby*, 222 W.Va. 236, 243, 664 S.E.2d 121, 128 (2008). We further explained in *Soulsby* that, "[a]lthough application of the guidelines is mandatory and results in a presumptively correct award of child support, courts nevertheless are permitted limited discretion to deviate from the established guidelines when the facts of a particular case do not fall squarely within the confines thereof." *Id.* at 243, 664 S.E.2d at 128. Our statute suggests that a court may choose to deviate when the following conditions may exist: (1) special needs of the child or support obligor; (2) educational expenses for the child or the parent; (3) families with more than six children; (4) long-distance visitation costs; (5) a child resides with a third party; (6) the needs of another child or children to whom the obligor owes a duty of support; (7) the extent to which the obligor's income depends on nonrecurring or nonguaranteed income; or (8) whether the total of spousal support, child support and child care costs subtracted from an obligor's income reduces that income to less than the federal poverty level and conversely, whether deviation from child support guidelines would reduce the income of the child's household to less than the federal poverty level. W.Va. Code § 48-13-802 (2015). The family court is also granted broad discretion to order, as the family court did here, the investment in a trust of any portion of the monthly child support obligation, and the family court is required to make a finding concerning such an investment if the monthly obligation exceeds $2,000. W.Va. Code § 48-13-802 (2015). In light of this broad discretion vested in the family court, and the family court's compliance with the applicable statutes, we find no error and reject petitioner's fourth assignment of error.

In his fifth assignment of error, petitioner argues that the family court erred in retroactively modifying temporary support orders, thus creating for petitioner a $24,000 arrearage. Respondent argues that the rapid entry of the temporary orders (to ensure that respondent's needs were met at an early stage) necessitated the retroactive modification. We agree with the circuit court that the family court gave this matter ample consideration and did not abuse its discretion.

Petitioner's sixth assignment of error attacks the family court's award of $14,000 in permanent spousal support, together with half of respondent's tuition costs associated with her return to college. "'Questions relating to alimony . . . are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused.' Syllabus, *Nichols v. Nichols*, 160 W. Va. 514, 236 S.E.2d 36 (1977)" Syl. Pt. 2, *Pelliccioni v. Pelliccioni*, 214 W.Va. 28, 30, 585 S.E.2d 28, 30 (2003). Again, in reviewing the family court order, we find that the family court gave ample consideration to the factors at play. We therefore find no abuse of discretion.

Finally, we address petitioner's seventh assignment of error, in which he argues that the family court erred in awarding respondent attorney's and expert witness fees.

> "In divorce actions, an award of attorney's fees rests initially within the sound discretion of the family law master and should not be disturbed on appeal absent an abuse of discretion. In determining whether to award attorney's fees, the family law master should consider a wide array of factors including the party's ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the divorce action necessary, and the reasonableness of the attorney's fee request." Syl. Pt. 4, *Banker v. Banker*, 196 W.Va. 535, 474 S.E.2d 465 (1996).

Syl. Pt. 3, *Mayle v. Mayle*, 229 W.Va. 179, 181, 727 S.E.2d 855, 857 (2012). Petitioner argues that respondent had the financial resources to pay her own fees, and that the family court order shows that the court considered only the factor of fault in making the award. We disagree. Though the family court addressed the issue of fault, it also devoted substantial discussion to income disparity and lifestyle. We find no abuse of discretion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 7, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis

**DISQUALIFIED:**

Justice Menis E. Ketchum

5